**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION**

| | | |
|---|---|---|
| In re | § | |
| | § | |
| **PROPEX INC.,** | § | **Case No. 08-10249** |
| **PROPEX HOLDINGS INC.,** | § | **Case No. 08-10250** |
| **PROPEX CONCRETE SYSTEMS** | § | |
| **CORPORATION,** | § | **Case No. 08-10252** |
| **PROPEX FABRICS INTERNATIONAL** | § | |
| **HOLDINGS I INC.,** | § | **Case No. 08-10253** |
| **PROPEX FABRICS INTERNATIONAL** | § | |
| **HOLDINGS II INC.,** | § | **Case No. 08-10254** |
| | § | |
| **Debtors.** | § | |
| | § | **Chapter 11** |
| | § | |
| | § | **Jointly Administered Under** |
| | § | **Case No. 08-10249** |

**DEBTORS' MOTION PURSUANT TO BANKRUPTCY CODE SECTIONS 363 AND 365 AND
BANKRUPTCY RULES 6004 AND 6006 AND SUBJECT THERETO(A) FOR THE SALE FREE
AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS OF
SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS TO THE HIGHEST BIDDER AND
(B) FOR THE ASSUMPTION AND ASSIGNMENT OF DESIGNATED CONTRACTS**

Notice is hereby given that:

A hearing will be held on March 24, 2009 at 9:00am., in Courtroom 3A, of the Historic U.S. Courthouse, 31 East 11th Street, Chattanooga, Tennessee on the motion or other paper set forth below:

**DEBTORS' MOTION PURSUANT TO BANKRUPTCY CODE SECTIONS 363 AND 365 AND
BANKRUPTCY RULES 6004 AND 6006 AND SUBJECT THERETO, (A) FOR THE SALE FREE
AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS OF SUBSTANTIALLY
ALL OF THE DEBTORS' ASSETS TO THE HIGHEST BIDDER AND  (B) THE ASSUMPTION
AND ASSIGNMENT OF DESIGNATED CONTRACTS**

You are **further notified** that, if you oppose the relief sought below, you must file with the clerk of the court at 31 East 11th Street, Chattanooga, Tennessee 37402, an objection by 5:00 p.m. on March 20, 2009, and must serve a copy upon the movants' attorney(s), whose name(s) and address(es) are set forth below.

**If you do not want the court to grant the relief requested, you or your attorney must file a timely objection and attend this hearing.  If you do not file an objection within the time permitted, and if you or your attorney do not attend the hearing, the court will consider that you do not oppose the granting of the relief sought in the motion and may grant the relief requested without further notice or hearing.**

Propex Inc. ("Propex"), Propex Holdings Inc. ("Holdings"), Propex Concrete Systems Corporation ("Concrete"), Propex Fabrics International Holdings I Inc. ("Fabrics I"), and Propex Fabrics International Holdings II Inc. ("Fabrics II"), each a debtor-in-possession (collectively, the "Debtors"), as debtors and debtors in possession, pursuant to Bankruptcy Code sections 363 and 365 and Bankruptcy Rules 6004 and 6006, move this Court for entry of an order (the "Sale Order") approving the sale free and clear of liens, claims, encumbrances and interests of substantially all of the Debtors' assets ("Assets") to the highest bidder and the assumption and assignment of designated contracts (the "Motion").   In support of their Motion, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over these cases and this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (M).  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

## FACTS

2.      On January 18, 2008 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Tennessee, Southern Division (the "Court").

3.      On January 18, 2008, the Debtors filed a Motion for Joint Administration, which was granted by the Court on January 22, 2008.  The Debtors are currently operating their businesses as debtors and debtors-in-possession.  No request has been made for the appointment of a trustee or examiner.  The Official Committee of Unsecured Creditors has been formed in these cases and is represented by counsel and a financial advisor.

4.      Holdings is a corporation that owns, directly or indirectly, 100% of the stock of Propex.  Propex is a corporation that owns, directly or indirectly, 100% of the stock of Fabrics I, Fabrics II and Concrete.  Propex functions as the Debtors' principal operating entity.  Propex was formerly known as Proper Fabrics Inc. until the name was changed in June 2006.  Prior to that, the company was known as AMOCO Fabrics and Fibers Company.  The Debtors (with their predecessors) have been engaged in the textile industry since 1884.

## ADDITIONAL FACTS

5.      By order dated March 4, 2009, the Debtors' motion to (A) approving bid procedures ("Bid Procedures") relating to sale of substantially all of the Debtors' assets ("Assets"), which are attached as Exhibit A hereto, (B) scheduling a hearing to consider the sale, (C) establishing procedures relating to the assumption and assignment of certain contracts, including notice of proposed cure amounts, and (D) approving expense reimbursement and breakup fee provisions was granted by this Court (the "Bid Procedures Order").

6.      As set forth in the Bid Procedures Order, the Debtors have put in place a process to maximize the value of the estates' assets through a comprehensive bid, auction and sale process to identify the party submitting the highest and best offer for all or substantially all of the Debtors' Assets.

7.      As further set forth in the Bid Procedures Order, the Debtors negotiated an agreement with Xerxes Operating Company L.L.C. and Xerxes Foreign Holdings Corp, affiliates of the DIP Agent (the "Proposed Purchaser") and an acceptable asset purchase agreement (the "Agreement") for the sale of the Assets, subject to a competitive bidding process, all subject to Court approval. [1]

---

[1]  Unless defined herein, capitalized terms are as defined in the Bid Procedures and the Agreement.

## RELIEF REQUESTED

8.      By this Motion, the Debtors request entry of the Sale Order, approving the sale free

and clear of liens, claims, encumbrances and interests of all or substantially all of the Debtors'

Assets and the assumption and assignment of designated contracts to the Successful Bidder.

## LEGAL BASIS FOR THE RELIEF REQUESTED

### A.      The Proposed Sale of Assets and/or Assumption and Assignment of Executory Contracts Is Within the Sound Business Judgment of the Debtor.

9.      Section 363 of the Bankruptcy Code provides that a debtor in possession, "after

notice and a hearing, may use, sell, or lease, other than in the ordinary course of business,

property of the estate . . . ."  11 U.S.C. § 363(b)(1).  Under the laws of this Circuit, a court may

approve a sale of a debtor's assets under Section 363(b) "when a sound business purpose dictates

such action." *Stephens Industries, Inc. v. McClung*, 789 F.2d 386, 390 (6th Cir. 1986).   In

making its determination, a court should consider the following factors: whether the terms of the

proposed sale reflect the highest and best offer for the assets, whether the negotiations were

conducted at arm's length, and whether the sale is in the best interest of the estate and its

creditors. *In re Nicole Energy Servs., Inc.*, 385 B.R. 201, 210 (Bankr. S.D. Ohio 2008) (citations

omitted); *see also W.A. Mallory Co., Inc.*, 214 BR. 834, 836 (Bankr. E.D. Va. 1997); *In re WBO

Partnership*, 189 B.R. 97, 102 (Bankr. E.D. Va. 1995).

10.     Similarly, a debtor in possession may assume an executory contract where

assumption is a reasonable exercise of its business judgment. *See* 11 U.S.C. § 365(a); *Allied

Technology, Inc. v. R.B. Brunemann & Sons, Inc.***,** 25 B.R. 484 (Bankr. S.D. Ohio 1982); *see also

In re Extraction Techs.*, 296 B.R. 393, 399 (Bankr. E.D. Va. 2001); *In re Richmond Metal

Finishers*, 756 F.2d 1043, 1046-47 (4th Cir. 1985).  This requirement is satisfied where a debtor

in possession determines in good faith that assumption of an executory contract will benefit the estate. *See In re Gucci*, 193 B.R. 411, 414-15 (S.D.N.Y. 1996).

11.     Courts generally show great deference to a debtor in possession's decisions when applying the business judgment standard. *See In re Global Crossing, Ltd.*, 295 B.R. 726, 744 n.58 (Bankr. S.D.N.Y. 2003) ("[T]he Court does not believe that it is appropriate for a bankruptcy court to substitute its own business judgment for that of the [d]ebtors and their advisors, so long as they have satisfied the requirements articulated in the caselaw."). Deference is inappropriate only if such business judgment is "so manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, or whim or caprice." *Richmond Metal Finishers*, 756 F.2d at 1047.

12.     The proposed sale of the Debtors' Assets which includes the assumption and assignment of the Debtors' executory contracts and leases as contemplated herein to the Successful Bidder is justified by the circumstances of the Debtors' Chapter 11 cases. The Debtors' DIP facility matures on April 23, 2009 and the existing DIP orders incorporate a sale process.   As part of this process, the Debtors seek to generate cash proceeds for the benefit of the Debtors' estates and creditors. *See* 11 U.S.C. 365(d)(3); *In re TreeSource Indus.*, 363 F.3d 994, 997 (9th Cir. 2004).

13.     The timeline provided by the Bid Procedures is justified under the circumstances. However, this timeline will not come at the expense of parties in interest. The proposed Bid Procedures provide parties with adequate opportunity to undertake due diligence and make a Qualified Bid to be part of the competitive bidding process and, to otherwise object, appear and be heard with respect to all dispositions contemplated by the bid, auction and sale process. *See In re US Airways Group, Inc.*, 287 B.R. 643, 646-49 (Bankr. E.D. Va. 2002) (approving "fast

track" authority to renegotiate or reject executory contracts where rights of interested parties are preserved).

14.    The notice provided by the Debtors will provide sufficient notice for the relief requested herein.  With respect to a sale of estate assets, notice is sufficient if it includes the terms and conditions of the sale, states the time for filing objections and provides a general description of the property. *See WA. Mallory*, 714 B.R. at 837; *WBO Partnership*, 189 B.R. at 103.  The Bid Procedures Order and the notices set forth therein provided proper and due notice.

    **B.     All Defaults Under Any Assumed Executory Contracts Will be Cured And Parties Will Receive Adequate Assurances of Future Performance.**

15.    A debtor in possession may assume and assign an executory contract only where the trustee has cured all existing defaults under that executory contract.  *See* 11 U.S.C. § 365(b)(1), (f)(2); *see In re Shangra-La. Inc.*, 167 F.3d 843, 849 (4th Cir. 1999).  In addition, a debtor in possession must provide adequate assurance of future performance under the assumed executory contract if the debtor has defaulted.  *See* 11 U.S.C. § 365(b)(1), (f)(2); *In re Washington Capital Aviation & Leasing*, 156 B.R. 167, 172 (Bankr. E.D. Va. 1993). The requirements of "adequate assurance" depend on the facts and circumstances of each case*.  See, e.g., In re Martin Paint Stores*, 199 B.R. 258, 263 (Bankr. S.D.N.Y. 1996).

16.    If required, at the Sale Hearing, the Debtors and the Successful Bidder will demonstrate that any proposed assumption and assignment of executory contracts as contemplated herein will satisfy the requirements of section 365(b) and (f).  The Successful Bidder will cure any defaults and  provide assurances to satisfy the standards set forth in the Bankruptcy Code.  *See Ames*, 287 B.R. at 115-16; *In re CilycoGenesys, Inc.*, 352 B.R. 568, 578 (Bankr. D. Mass. 2006) (stating that "it is appropriate to evaluate the financial condition of the

assignee and the likelihood that the non-debtor will receive the benefit of its bargain from the assignee.").

## C.     The Auction Will Satisfy the Requirements of Section 363(f) for a Sale Free and Clear.

17.     By this Motion, the Debtors seek entry of an order authorizing the disposition of the Assets and/or interests in their executory contracts and leases free and clear of any lien, claim, encumbrance or interest, pursuant to section 363(f) of the Bankruptcy Code, including, without limitation, any claims (as that term is defined in Bankruptcy Code), liens (including, without limitation, mechanic's, materialmen's or other consensual and non-consensual liens and statutory liens), leases, subleases, licenses, contracts, guaranties, options, rights of recoupment, rights of recovery, claims for reimbursement, claims for contribution, claims for indemnity, claims for environmental liability, claims for tax liability, decrees of any court or foreign or domestic governmental entity, or other encumbrances upon the assets and/or executory contracts that are the subject of such sale and/or assumption and assignment, whether known or unknown, choate or inchoate, filed or unfiled, scheduled or unscheduled, recorded or unrecorded, perfected or unperfected, allowed or disallowed, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, material or nonmaterial, disputed or undisputed, whether arising prior to or subsequent to the petition date, whether imposed by agreement, understanding, law, equity or otherwise, including claims otherwise arising under doctrines of successor liability, with all the foregoing to attach to the cash proceeds of the sale as adequate protection thereof, pursuant to section 363(e) of the Bankruptcy Code, in the order of their priority with the same validity, force and effect which they now have, subject to any claims or defenses the Debtors or any other party in interest may possess with respect thereto.

18.     Under section 363(f) of the Bankruptcy Code, a debtor in possession may sell property of the estate free and clear of all interests (including liens, claims and encumbrances) if (a) applicable nonbankruptcy law permits the sale of such property free and clear of such interest (b) the entity with the interest consents, (c) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property, (d) such interest is in *bona fide* dispute or (e) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of its interest.  *See* 11 U.S.C. § 363(f); *see also Precision Indus. v. Qualitech Steel SBQ, LLC*, 327 F.3d 537, 545 (7th Cir. 2003).  Section 363(f) is drafted in the disjunctive.  Satisfaction of any one of the factors set forth in section 363(f) allows a sale, including the dispositions contemplated herein, and transfer assets of the estate free and clear.  Pursuant to Bankruptcy Code section 363(k), only the DIP Agent may credit bid all or any part of its DIP debt, no other credit bidding is permitted by an party .

19.     The Debtors believe that creditors with any interest in the Assets and/or executory contracts and leases will consent to the proposed dispositions free and clear of liens, claims, encumbrances and other such interests, if applicable.  *See* 11 U.S.C. §363(f) (2).  As noted, above, the Auction will enable the Debtors to realize the highest and best offers, if any, for the Assets and the Designated Contracts.  *See Ames*, 287 B.R. at 118-19.  To the extent such creditors do not consent explicitly or implicitly, the Debtors believe that the sale will satisfy one or more of the factors in section 363(f), including by the dispositive order entered after the final sale hearing providing that any relevant interests attach to the applicable proceeds of such sale to the same extent, priority and validity as in the applicable asset and/or executory contract.

**D.      The Successful Bidders at the Auction Will Be Entitled to the Protections Afforded to Good Faith Purchasers.**

20.      The Successful Bidder pursuant to the Bid Procedures and as approved by this Court, should be  protected from the untimely reversal or modification of the transaction.  *See* 11 U.S.C. § 363(m); *Weingarten Nostat, Inc. v. Serv. Merch. Co.*, 396 F.3d 737, 743-44 (6th Cir. 2005).  A good faith purchaser, in turn, is one who purchases assets for value through an arm's-length transaction.  *See Willemain*, 764 F.2d at 1023.  Due to the competitive nature of the process set forth in the Bid Procedures, the Successful Bidder will be a "good faith purchaser."

21.      The Bid Procedures ensure that any transaction will be conducted with arm's-length negotiations through which the Debtors will seek to maximize the value available for its Assets and/or executory contracts and relieve the burdens associated therewith.  The Debtors therefore request that the Successful Biddersbe (a) deemed a purchaser in good faith and (b) afforded all the protections available under section 363(m) of the Bankruptcy Code.

## CONCLUSION

**WHEREFORE**, the Debtors respectfully request that the Court enter an order: (A) scheduling a hearing for approval of the sale free and clear of liens, claims, encumbrances and interests of substantially all of the Debtors' Assets and the assumption and assignment of Designated Contracts to the Successful Bidder, (B) at the sale hearing approve the transactions set forth in Successful Bid with the Successful Bidder, including findings that the Successful Bidder is a good faith purchaser entitled to all the protections pursuant to Bankruptcy Code section 363(m),  (C) approve the assumption and assignment of all Designated Contracts to the Successful Bidder pursuant to Bankruptcy Code section 365 including that after the closing of the sale transaction, that the estates have no further liability under any Designated Contracts

pursuant to Bankruptcy Code section 365(k); and (D) granting such other and further relief to

the Debtors as the Court may deem proper.

Respectfully submitted this 17th day of February, 2009.

**KING & SPALDING LLP**

By: /s/ Henry J. Kaim_____
Henry J. Kaim
Texas Bar No. 11075400
HKaim@kslaw.com
Mark W. Wege
Texas Bar No. 21074225
MWege@kslaw.com
Edward L. Ripley
Texas Bar No. 16935950
ERipley@kslaw.com
King & Spalding, LLP
1100 Louisiana, Suite 4000
Houston, Texas  77002
Telephone:  (713) 751-3200
Fax: (713) 751-3290

- and -

Shelley D. Rucker
Tennessee Bar No. 010098
Miller & Martin PLLC
832 Georgia Avenue, Suite 1000
Chattanooga, TN  37402-2289
Phone: (423) 785-8289
Fax: (423) 785-8480
Email: srucker@millermartin.com

**COUNSEL FOR
THE DEBTORS IN POSSESSION**