IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

| | | |
|---|---|---|
| **In re** § | | |
| § | | |
| PROPEX INC., § | Case No. 08-10249 | |
| PROPEX HOLDINGS INC., § | Case No. 08-10250 | |
| PROPEX CONCRETE SYSTEMS § | | |
| CORPORATION, § | Case No. 08-10252 | |
| PROPEX FABRICS INTERNATIONAL § | | |
| HOLDINGS I INC., § | Case No. 08-10253 | |
| PROPEX FABRICS INTERNATIONAL § | | |
| HOLDINGS II INC., § | Case No. 08-10254 | |
| § | **Chapter 11** | |
| **Debtors.** § | | |
| § | **Jointly Administered Under** | |
| § | **Case No. 08-10249** | |

**DEBTORS' EMERGENCY MOTION FOR AN ORDER
DETERMINING THAT THE BID OF PROPEX U.S. ACQUISITION, LLC
IS NOT A QUALIFIED BID AND SEEKING DETERMINATION ON TIMELINESS**

Propex Inc. ("Propex"), Propex Holdings Inc. ("Holdings"), Propex Concrete Systems Corporation ("Concrete"), Propex Fabrics International Holdings I Inc. ("Fabrics I"), and Propex Fabrics International Holdings II Inc. ("Fabrics II"), each a debtor-in-possession (collectively, the "Debtors"), move this Court for an order that the bid (the "Bid") of Propex U.S. Acquisition, LLC c/o Fund II, L.P. ("BDCM") is not a Qualified Bid, as that term is defined in the Bid Procedures (defined herein), as well as seeking the Court's determination of the timeliness of the Bid.

**BACKGROUND**

1.      On February 17, 2009, the Debtors filed a motion (the "Bid Procedures Motion") seeking, among other things, entry of an order establishing bid procedures ("Bid Procedures") relating to the sale of substantially all of the Debtors' assets (the "Assets"). The Debtors also filed a motion to sell their Assets (the "Sale Motion") on February 17, 2009.

2. On March 9, 2009, this Court entered an order ("Bid Procedures Order") that, *inter alia*, incorporated and approved the Bid Procedures Motion, scheduled a hearing to consider the sale, and approved a break up fee and other provisions related to an executed asset purchase agreement (the "Agreement"), pursuant to which the Debtors proposed to sell the Assets to Xerxes Operating Company, L.L.C. and Xerxes Foreign Holdings Corp. (collectively, the "Proposed Purchaser"). (Docket 924).

3. The Bid Procedures Order established a March 18, 2009 deadline to object to the sale and also to submit bids. In particular, the Bid Procedures Order required any potential bidder to "deliver written copies of its Bid to the parties set forth in the Bid Procedures not later than March 18, 2009. . . ." Bid Procedures Order ¶ 8. The Bid Procedures Order did not establish a time of day by which bids had to be submitted on March 18. However, the Bid Procedures, which were incorporated into the Bid Procedures Order, established a 5:00 P.M. deadline on March 18, 2009 for submitting Bids. *Id. ¶* 2; Exhibit A. Thus, taken together, the Bid Procedures Order and the Bid Procedures are ambiguous as to the time of day by which bids had to be submitted on March 18.

4. The Bid Procedures also established a number of substantive requirements that each Bid was required to satisfy in order to be considered a "Qualified Bid" in order to be eligible to participate in the Auction ("Qualified Bid"). These requirements included, along with other requirements, the submission of an asset purchase agreement, tender of a good faith deposit of $5,000,000, and, most importantly, a requirement that the Bid is on the "Same or Better Terms" in that it is "substantially the same or better than the terms of the [Wayzata] Agreement." *Id.*

5.      On March 18, 2009, prior to 5:00 P.M., BDCM wired a $5,000,000 deposit to the Debtors as required by the Bid Procedures.  However, BDCM did not submit an asset purchase agreement or other required documents until after the Deadline.  By not submitting all of the required materials by 5:00 P.M., BDCM did not comply with the technical requirements of the Bid Procedures.

6.      Additionally, the BDCM Bid did not comply with the other technical requirements of the Bid Procedures in that it was not on the "Same or Better Terms" and it was not "substantially the same or better" than the terms of the Wayzata APA.  In fact, BDCM provided a list of excluded contracts that is substantially different, and materially worse, than that of the other bidders.  This may cause a very significant increase in liabilities to the estate by failure to assume such contracts.  The BDCM Bid appears to be essentially a liquidation proposal that is not consistent with the overall "going concern" approach approved by this Court.

## RELIEF REQUESTED

7.      Through this Motion, the Debtors seek an order determining that the Bid of BDCM is not a Qualified Bid.  BDCM's Bid has clearly failed to be on the "Same or Better Terms" as such Bid was materially different, and much less favorable, by failing to address the Debtors' contracts in a manner substantially the same or better than the other bidders, leaving the estate with, potentially, very substantial unpaid administrative expense liabilities.  Additionally, BDCM has provided that any determination of such assumed obligations would not occur until two days prior to closing, leaving no certainty of which obligations BDCM will actually assume until well past the date of the Auction, and only shortly before the closing.  Moreover, it does not appear that the BDCM Bid is one that is premised on a going concern basis as contemplated

3

by the Bid Procedures, or as outlined throughout the Court process over the last several months. Importantly, BDCM submitted documents that were materially different than the Wayzata APA and related schedules. Finally, BDCM did not submit an all cash bid which was required by the Bid Procedures. BDCM has sought Court authority to allow credit bidding as part of the Bid submitted by BDCM, and this matter will be addressed by the Court on Monday, March 23, 2009.

8. The Debtors also seek a determination of whether the BDCM Bid was submitted timely under the Bid Procedures Order. The Debtors do not have an objection, based on timeliness, to allowing the BDCM Bid to be considered as a Qualified Bid. However, in fairness to all parties, the Debtors submit this Motion for the Court to determine whether BDCM's Bid is a Qualified Bid based on the failure to submit all documentation within the Deadline to do so.

## CONCLUSION

For the foregoing reasons, the Debtors respectfully request this Court to determine that BDCM's Bid is not a Qualified Bid based on its substantive failures under the Bid Procedures, and also to make a determination as to the timeliness of the Bid.

Respectfully submitted,

By: /s/ Henry J. Kaim_____
Henry J. Kaim
Texas Bar No. 11075400
HKaim@kslaw.com
Mark W. Wege
Texas Bar No. 21074225
MWege@kslaw.com
Edward L. Ripley
Texas Bar No. 16935950
ERipley@kslaw.com
King & Spalding, LLP
1100 Louisiana, Suite 4000
Houston, Texas 77002
Telephone: (713) 751-3200

4

Fax: (713) 751-3290

- and -

Shelley D. Rucker
Tennessee Bar No. 010098
Miller & Martin PLLC
832 Georgia Avenue, Suite 1000
Chattanooga, TN  37402-2289
Phone: (423) 785-8289
Fax: (423) 785-8480
Email: srucker@millermartin.com

**COUNSEL FOR
THE DEBTORS IN POSSESSION**